IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VICKI LYNN BAINBRIDGE and )
TIMOTHY P. BAINBRIDGE, )
                                       )                   8:05CV310
             Plaintiffs, )
                                         )
             v. )
                                         )                   ORDER
MCRAE'S INC., d/b/a YOUNKERS, )
SIMON PROPERTY GROUP, INC., )
CROSSROADS MALL, and SIMON )
PROPERTY GROUP, LP, )
                                         )
             Defendants. )
                                         )

        This matter is before the court on the motion to dismiss filed by defendant McRae's, Inc., d/b/a Younkers (hereinafter, "Younkers"), Filing No. 17.  This is a negligence action for damages for personal injuries suffered as the result of a slip and fall.  The action was removed from state court and jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

        Defendant moves to dismiss asserting that the slip and fall occurred outside the premises leased by Younkers.  Younkers has submitted the lease agreement to support its contention that it owes no duty to plaintiffs for the reason that the lease does not require Younkers to maintain the exterior of the leased premises. Filing No. 19, Index of Evidence, Ex. 3.

        In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true and must liberally construe the complaint in the light most favorable to the plaintiff.  *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999).  A Rule 12(b)(6) motion to dismiss a complaint should not be

granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

In their amended complaint, plaintiffs allege that defendants "owned, possessed, operated, or managed" or were "otherwise legally responsible for" the property on which plaintiff Vicky Lynn Bainbridge fell. Filing No. 12, Amended Complaint at 2. These allegations are sufficient to state a claim for negligence against defendant Younkers. Defendant's assertions are more properly the subject of a motion for summary judgment. Accordingly,

IT IS ORDERED that defendant Younkers' motion to dismiss, Filing No. 17, is denied. Defendant Younkers shall answer or further plead within ten days of the date of this order.

DATED this 10th day of April, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge