IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICKI LYNN BAINBRIDGE and<br>TIMOTHY P. BAINBRIDGE,<br><br>    Plaintiffs,<br><br>  v.<br><br>MCRAE'S INC., d/b/a YOUNKERS,<br>SIMON PROPERTY GROUP, INC.,<br>CROSSROADS MALL, and SIMON<br>PROPERTY GROUP, LP,<br><br>    Defendants. | 8:05CV310<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on defendant McRae's, Inc., d/b/a Younkers' ("Younkers") motion for summary judgment, Filing No. 101.  Defendant Simon Property Group, Inc., a Delaware corporation, owns Crossroads Mall in Omaha, Nebraska, and leases a store to Younkers, a Mississippi corporation.  The store's location at Crossroads Mall is 7424 Dodge Street.  On December 19, 2003, plaintiff Vicki L. Bainbridge ("Bainbridge"), a resident of Sioux City, Iowa, allegedly suffered a fall from pavement in alleged disrepair with an uneven edge of concrete while she approached the entrance to Younkers.  Bainbridge brought suit against defendants in the District Court of Douglas County, Nebraska alleging negligence on the part of defendants (Claim I).  Bainbridge further asserted that her husband, Timothy P. Bainbridge, has and will be deprived of Bainbridge's companionship, support, rights, and relations as a result of the injuries Bainbridge allegedly sustained (Count II).  Bainbridge requested judgment against each defendant, special damages of $132,897.92, general damages, damages sustained with interest, and litigation costs.

Pursuant to 28 U.S.C. § 1441, Younkers then removed the action to this court, asserting diversity of citizenship under 28 U.S.C. § 1332. Filing No. 1. Bainbridge thereafter filed an amended complaint, Filing No. 12, and added two additional defendants: Simon Property Group, L.P., a Delaware limited partnership and wholly owned subsidiary of defendant Simon Property Group,[1] and Crossroads Mall, L.L.C., a Delaware limited liability company ("Crossroads Mall"). In her amended complaint, Bainbridge maintains that Crossroads Mall owned, managed, and controlled the premises occupied by Younkers, including the surrounding sidewalk and parking lot. Bainbridge also alleged that as a result of her fall, she sustained severe and permanent injuries, including injuries to her hand and hip, as well as neurological, psychological, and emotional damage. Bainbridge claims that she has incurred and will continue to incur medical expenses, and suffer physical pain, loss of income, loss of ability to enjoy life, and loss of full mind and body. Bainbridge calculated her medical and hospital expenses at $119,937.92 and loss of wages in the amount of $12,960. Bainbridge maintains that her damages exceed $75,000.

Younkers moved to dismiss the action and the court subsequently denied Younkers' request. Filing Nos. 17, 28. Younkers thereafter filed an answer to the amended complaint and a cross-claim against Simon Group asserting that if the Bainbridges receive any relief against Younkers, or obtain a settlement from Younkers, Simon Group should jointly and severally indemnify Younkers in the amount of the award or settlement, as well as all costs, expenses, and attorney fees. Filing No. 29. Younkers maintains that Simon Group should be responsible for indemnification because the lease between the parties allegedly required indemnification, and the lease allegedly imposed on Simon Group,

---

[1] Simon Property Group, Inc. and Simon Property Group L.P. will hereinafter be referred to collectively as "Simon Group."

2

rather than Younkers, the sole duty to inspect and repair the common area at Crossroads Mall. Further, Younkers argues that indemnification is warranted because Simon Group engaged in the spoliation of evidence and Simon Group is responsible for the proximate cause of Bainbridge's injuries. Finally, Younkers requests that if relief is afforded to the Bainbridges against Younkers, that the court order contribution against Simon Group in proportion to Simon Group's degree of fault.

Younkers then filed the motion for summary judgment at issue, arguing that no genuine issue of material fact exists that Younkers did not own or possess property on which Bainbridge allegedly fell and sustained injuries. Filing No. 101. In support of its motion, Younkers argues that as lessee of the store owned by Simon Group, no provision in the lease between Younkers and Simon Group charged Younkers with maintenance of the exterior premises. Accordingly, Younkers contends that it was under no duty to maintain the exterior of its leased premises in a reasonably safe condition or to warn of hazardous conditions. Younkers requests that if this court grants summary judgment as to Count I, the court also issue summary judgment as to Count II because Timothy P. Bainbridge's loss of consortium claims are derivative of Bainbridge's claims.

Bainbridge responded arguing Younkers had a common law duty to maintain the sidewalk abutting the Younkers store. Filing No. 104. Further, Bainbridge contends that Younkers had a contractual duty under its lease to notify Simon Group of needed repairs, and if Simon Group did not make the needed repairs, Younkers had a duty to make the necessary repairs. Additionally, Bainbridge argues Younkers had a lease obligation to repair conditions if the damage resulted from acts or omissions of Younkers' employees, contractors, or invitees. Bainbridge requests additional time to conclude discovery as to this latter obligation, to assess whether Younkers knew of or should have known of the

3

conditions at issue, and what additional control Younkers asserted over the relevant area that patrons utilized.

Younkers then filed a reply brief arguing that Bainbridge misinterpreted the lease agreement as Younkers did not have a duty to notify Simon Group of necessary repairs, and Younkers did not have a right to make repairs if Simon Group failed to do so within a reasonable time. Alternatively, Younkers argues that if it did have a duty to notify Simon Group of necessary repairs, Younkers is not liable because it did not own, possess, or control the area at issue.

**Analysis**

The summary judgment rule is designed to isolate and dispose of factually unsupported claims or defenses. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). A motion for summary judgment is granted when the court determines there is no genuine issue of material fact, and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In ruling on a motion for summary judgment, a court views all facts in the light most favorable to the nonmoving party and gives the nonmoving party the benefit of all reasonable inferences. *Prudential*, 121 F.3d at 366. If the defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 174 (8th Cir. 1987).

A court must not weigh evidence or make credibility determinations, but must focus on whether a genuine issue of material fact exists for trial. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003); *see Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir. 1979); *see also United States v. Porter*, 581 F.2d 698, 703 (8th Cir. 1978). A material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court should deny summary judgment where the evidence supports conflicting conclusions. *Kells v. Sinclair Buick-GMC Corp. Truck, Inc.*, 210 F.3d 827, 830 (8th Cir. 2000); *Johnson v. Minnesota Historical Soc.*, 931 F.2d 1239, 1244 (8th Cir. 1991). A court further determines materiality of a disputed fact from the substantive law governing the claim. *Anderson*, 477 U.S. at 248. "Disputes over facts that might affect the outcome of the lawsuit according to applicable substantive law are material." *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998).

Once a defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings; rather, the plaintiff must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). In order to survive summary judgment, the nonmoving party must make a sufficient showing concerning every essential element of the case on which the nonmoving party bears the burden of proof. *Osborn v. E.F. Hutton & Co.*, 853 F.2d 616, 618 (8th Cir. 1988); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Younkers maintains it did not control the premises on which Bainbridge allegedly fell because Younkers did not lease, own, or possess any exterior common areas to the

building, and Simon Group had an obligation to maintain the sidewalks without notification from Younkers.  Bainbridge, however, contends that Bainbridge fell in an area used primarily by Younkers' patrons, immediately outside the store, and Younkers had both a common law duty to maintain the sidewalk abutting the store and a contractual duty to notify Simon Group of needed repairs.  Viewing all facts in the light most favorable to the Bainbridges, as the court must do when assessing a motion for summary judgment, the court finds a genuine issue of material facts exists concerning the responsibility for the property on which Bainbridge allegedly fell.  Younkers' common law responsibility to inspect the sidewalk adjacent to its premises and to notify the Simon Group of needed repairs is impliedly recognized in the lease.  The court finds that Younkers' duty is not completely abrogated by the terms of the lease.  As to any other issues of maintenance and control, absent a showing that the sidewalk's alleged imperfection was caused by Younkers or anyone controlled by them, the Simon Group has undisputed control and maintenance over the area in question.  Younkers' control and maintenance of the sidewalk (either directly or indirectly), and liability pertaining thereto, remain issues for determination at trial.  Accordingly,

IT IS ORDERED that defendant Younkers' motion for summary judgment, Filing No. 101, is denied.

DATED this 6th day of June, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge